## R. A. STOKES v. STATE.

No. A-4491.    Opinion Filed Aug. 9, 1924.
(227 Pac. 903.)

(Syllabus.)

1. **Evidence—Testimony of Accomplices Sufficiently Corroborated.**
The testimony of two accomplices was sufficiently corroborated
to sustain the verdict.

2. **Evidence—Proof of Separate Offense Admissible, When.** Proof
of a separate offense is admissible, where there are, as in this
case, two conspiracies, one to rob a store, and the other to
make whisky, and the two are so connected and interlocking
that proof of each was necessary to explain the other.

3. **Conspiracy—Circumstantial Evidence.** In most cases a con-
spiracy to commit a crime must of necessity be established
by circumstantial evidence.

Appeal from District Court, Cleveland County; W. L.
Eagleton, Judge.

R. A. Stokes was convicted of burglary, and he appeals.
Affirmed.

J. B. Dudley, for plaintiff in error.

The Attorney General and J. Roy Orr, Asst. Atty. Gen.,
for the State.

BESSEY, J.   The record contains evidence tending to
show that R. A. Stokes, Ed Meshew, and Jewel Fleming en-
tered into a conspiracy to manufacture whisky, and that in-
cidentally the three conspired together to rob a store in order
to procure meal, sugar, and other things to be used for that
purpose.   On the 31st day of December, 1920, the store of
J. A. McKiddy was burglarized in the nighttime, and a quan-
tity of merchandise taken, which was found the next day
hidden in a brush pile about three-quarters of a mile from
the home of Stokes, which was also the temporary home of
Meshew and Fleming.   Meshew was a brother-in-law of
Stokes.   On the day following the burglary these three men
were arrested, and at first Meshew and Fleming confessed

that they alone committed the burglary. Later they implicated Stokes, who was in a separate trial, by verdict of a jury rendered in the district court of Cleveland county on April 7, 1922, found guilty of burglary, with his punishment fixed at confinement in the penitentiary for a term of two years.

It was shown that there was a dug-out or storm cave, lately constructed, about 50 or 60 yards from the residence occupied by these three, and that whisky was being manufactured there at that time, and that the odor of the fermenting substances used for the whisky making could be detected yards away. At the preliminary and at the trial in district court Meshew and Fleming confessed that the robbery of the store was planned and executed by the three men, in order to obtain materials for making whisky; that the merchandise obtained was for the most part not suitable for that purpose, and was at first stored in the garret of the Stokes home, and later removed to the brush pile, where it was found on the day following the robbery. The Stokes home was five or six miles from the store that was robbed, and these three men were at once suspected of the robbery, because of wagon tracks and peculiar mule tracks leading from the store to the home of the defendant, and thence in the direction of the spot where the stolen merchandise was hidden. It was shown that the wagon and mules belonging to Stokes made such tracks, and that the tracks were easily traced early the next morning, before others passing along that route had obliterated such tracks.

Defendant Stokes denied any knowledge of the whisky plant near his house, denied that he entered into any conspiracy to rob this store, and denied participating in the robbery or having any knowledge of it before or after its commission. It was the theory of the defense that the other

two men robbed the store, and later sought to implicate the defendant in order to mitigate their own punishment. Under the testimony Meshew and Fleming were both accomplices and Stokes claims, first, that their testimony implicating him was not sufficiently corroborated by other witnesses; and, second, that the testimony concerning the whisky plant related to an independent offense not connected with the crime here charged.

The record does not support either of these claims of the defendant. Independent facts and circumstances, shown by witnesses not connected with the offense, here a little and there a little, justified the jury in finding that defendant Stokes was implicated in the two conspiracies—one to rob the store, and the other to make whisky—and that the two were so connected and interlocking that proof of each was necessary to explain the other. In most cases a conspiracy to commit a crime must of necessity be established by circumstantial evidence.

It would serve no good purpose to state the reasons for this conclusion. The circumstances are so numerous and complex that it would require a review of a great volume of testimony. To do so in cases like this would unnecessarily incumber the published reports of this court, without in any manner clarifying the law previously interpreted by this court relating to conspiracy, accomplices, and the admissibility of testimony concerning a connected contemporaneous offense to explain the particular crime charged. Moreover, the defendant and some of his witnesses were successfully impeached. Considering all the testimony, the verdict of guilty accords with our own view, deduced from all the evidence in the record.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.